Filed 1/10/22  Solomon v. Stiles CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| NORMAN SOLOMON, et al., | |
| Plaintiffs and Appellants, | E074899 |
| v. | (Super. Ct. No. PSC1905178) |
| JOHN STILES, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  David M. Chapman, Judge.  Reversed.

Rick Edwards and Rick Edwards, for Plaintiffs and Appellants.

StilesPomeroy and Michael J. Stiles, for Defendant and Respondent.

# I.

# INTRODUCTION

Plaintiffs and appellants Palmetto Loft Associates, LLC and Norman Solomon (collectively, Palmetto) retained defendant and respondent John Stiles (Stiles) to assist in the sale of their commercial property in Cathedral City (Property). Palmetto mistakenly stated on the property information sheet (PIS) provided to prospective buyers that the Property had sewer access. After purchasing the property, the buyer (Buyer) sued Palmetto for mispresenting that the Property had sewer access. In turn, in the instant action, Palmetto sued Stiles for knowing but not disclosing that the Property used a septic tank system, and not correcting the PIS misstatement that there was sewer access.

Palmetto appeals from the judgment entered after the trial court sustained Stiles's demurrer to the first amended complaint (FAC) without leave to amend. Palmetto contends the trial court erred in ruling Palmetto failed to allege sufficient facts to support its claims and failed to show it could successfully amend. We agree. We therefore reverse the order sustaining Stiles's demurrer without leave to amend and the judgment of dismissal.

# II.

# FACTS AND PROCEDURAL BACKGROUND

A. *Complaint Allegations*

Palmetto's FAC alleges causes of action against Stiles for breach of fiduciary duty, negligence, implied equitable indemnity, and comparative contribution. The FAC

2

alleges the following facts. Stiles was a licensed real estate agent/broker employed by real estate broker, Sperry Van Ness (SVN). Palmetto resided in Los Angeles. Stiles represented Palmetto as seller of the Property located in Cathedral City. As a dual agent, Stiles also represented the Buyer of the Property. Stiles informed Palmetto that he was a broker highly experienced in selling commercial property located in the subject area.

The FAC further alleged Stiles knew Palmetto had never occupied the Property, lived and worked in Los Angeles, and was "unfamiliar with peculiarities of the subject area and with the lack of sewer lines in the subject area. The subject area's lack of sewer lines and dependence on septic tanks was a peculiarity of the area known to STILES but not to [Palmetto]." Stiles had over six months before escrow closed to disclose and correct Palmetto's misstatement in the PIS regarding sewer access but failed to do so. Stiles reviewed the PIS and suggested changes included in the PIS addendum but did not correct the statement regarding sewer access.

Palmetto alleged in the FAC that Stiles was negligent and breached his fiduciary duty as a dual agent to the Buyer and Palmetto by failing to correct the PIS misstatement that the Property had sewer access, and by not disclosing to Palmetto that the general area where the Property was located used septic tanks and not the public sewer system. As a result, the Buyer purchased the Property and Stiles was paid a $39,000 commission as a dual agent. Later, after the Property sale, the Buyer discovered the Property was not hooked up to the public sewer system. The Buyer sued Palmetto for breach of contract,

3

negligent misrepresentation, and suppression of facts.  As a result, Palmetto incurred attorney fees and other costs, and anticipated payment of damages to the Buyer.

Palmetto alleged in its causes of actions for implied equitable indemnity and comparative contribution that to the extent Palmetto was found liable to the Buyers, Palmetto was entitled to equitable indemnity or proportionate contribution from Stiles because Stiles failed to correct the misstatement in the PIS that the Property had sewer access.

Attached to the FAC as exhibits are the form Property sales/purchase agreement, the Buyer's counteroffer, the PIS, the PIS addendum, and the Buyer's complaint.  The PIS states it "[i]s NOT a warranty as to the actual condition of the Property/Premises. The purpose is, instead, to provide the brokers and potential buyer/lessee with important information about the Property/Premises which is currently in the actual knowledge of the Owner and which the Owner is required by law to disclose."  The PIS defines "actual knowledge" as "the awareness of sufficient information and circumstances so as to cause one to believe that a certain situation or condition probably exists."  With regard to utilities, the PIS states that the Property is served by the "public sewer system and the cost of installation thereof has been fully paid."

The PIS addendum states that the "Property was recently acquired by Owner. Except for storage, the building has been vacant for the duration of Seller's ownership and Owner has limited knowledge of any Material Physical Defects.  The building may need repairs and/or renovations."  The addendum provides supplemental information to

4

13 of the 14 topic paragraphs included in the PIS. The only topic paragraph in which the addendum did not provide supplemental information was the paragraph on utilities.

B. *Demurrer*

Stiles filed a demurrer to the FAC, arguing that Palmetto stated in the PIS that it had actual knowledge that the Property was connected to the public sewer system. Therefore, Stiles was not liable or negligent for not correcting the misstatement in the PIS. Stiles further argued Palmetto failed to allege in the FAC that Palmetto told Stiles it was not sure or did not know if the Property was connected to the public sewer system. Also, Palmetto did not ask Stiles to investigate or verify whether the Property was connected to the sewer system. In addition, Stiles argued that "the FAC's conclusory allegations that Mr. Stiles knew about a 'peculiarity of the area' without alleging specific facts that would establish Mr. Stiles actually had such knowledge, or that the alleged peculiarity actually exists," failed to meet the heightened pleading standards applicable to a constructive fraud claim.

Palmetto filed opposition to Stiles's demurrer, arguing Stiles had a duty to review the PIS and correct the misstatement that the Property had access to the public sewer system. Palmetto noted it added FAC allegations from which it could be inferred Stiles knew the Property was not connected to the sewer system, yet failed to correct the PIS misstatement. Stiles argued in his reply that he did not owe Palmetto any duty to correct the misstatement in the PIS.

## C. *Demurrer Hearing*

Before the hearing on Stiles's demurrer to the FAC, the trial court provided the parties with a tentative ruling sustaining the demurrer without leave to amend. The court explained in the tentative that "Each of [Palmetto's] 4 causes of action are based on the premise that [Stiles] owed them a duty to: 1) disclose the peculiarity of the area where the property was located as concerns septic tanks and non-sewer-line hookup, and 2) to review and correct the property information sheet furnished by [Palmetto] to Stiles. None of the cases cited by [Palmetto] stand for that proposition. *Ryan v. Real Estate of the Pacific, Inc.* (2019) 32 Cal.App.5th 637 [(*Ryan*)] does not apply to the facts as alleged in the FAC. Specifically, in *Ryan*, which involved the sale of residential not commercial property, the court found that a real estate broker has a duty to share information with his client the seller if he knows that information will adversely affect the value of the property he is selling."

During the hearing, the court stated that there were no cited cases that stood for "the proposition that where an affirmative representation has been made by a plaintiff to their sales agent, the sales agent has either a fiduciary obligation or any other obligation to independently confirm whether the misrepresentation made by the plaintiff was, in fact, accurate." Palmetto's attorney stated he was not aware of any such cases but argued that, even though *Ryan*, *supra*, 32 Cal.App.5th 637 is a residential case, it relied on common law which applies to both commercial and residential real property and is broader than statutory law.

6

The court further stated that Palmetto did not allege that Stiles knew that Palmetto's misstatement there was sewer access was false. Palmetto also did not allege that when Stiles reviewed the PIS, it knew the statement was false or that the modifications in the addendum were in any way related to the statement the Property had sewer access.

Palmetto's attorney acknowledged that there were no allegations in the FAC specifically stating (1) Stiles knew the Property did not have sewer access, (2) when Stiles reviewed the PIS, he knew that Palmetto's statement that there was sewer access was false, or (3) Stiles's modifications of the PIS related to Palmetto's PIS statement the Property had sewer access. Palmetto's attorney requested leave to amend to address these factors. The court asked what additional facts would be alleged. Counsel stated he would like the opportunity to ask his client but intended to specifically plead Stiles knew the Property used a septic tank and was not hooked up to the sewer. Palmetto would also plead Stiles knew the PIS statement regarding sewer access was false. Counsel noted the FAC already alleged Stiles knew the peculiarity of the general area not having sewer access.

The court asked Palmetto's counsel why those facts were not alleged in the original complaint or the FAC. Counsel replied that California is a "notice pleading state" and therefore he believed sufficient facts were alleged to put Stiles on notice of Palmetto's claims and more specific facts were not required. Counsel also noted that California has a liberal amendment policy and therefore the court should allow one more

7

opportunity to amend. The court stated counsel had not demonstrated a good faith belief that there were sufficient facts that could be pled.

After the trial court indicated it would sanction Palmetto's attorney if he amended the complaint by alleging false facts, counsel retracted his statement Palmetto could allege Stiles had knowledge the Property had sewer access and Stiles knew the PIS statement was false. Counsel told the court he believed he could amend the FAC to allege these facts but needed to confirm them with his client before amending. The court responded that it therefore intended to sustain the demurrer and deny leave to amend, concluding counsel did not have any facts that would allow Palmetto to successfully amend the complaint.

Palmetto's attorney responded that he did not state he did not have any facts to amend. He explained he believed in good faith he could amend by alleging additional facts but wanted to confirm the facts with his client before doing so. Counsel added that sustaining the demurrer without leave to amend was a drastic remedy, particularly when Palmetto had only one opportunity to amend. The court nevertheless sustained Stiles's demurrer to the FAC without leave to amend. The court adopted its tentative ruling as the ruling of the court and entered a judgment of dismissal of the FAC as to Stiles.[1]

---

[1] The action remained pending against Stiles's employer, defendant Sperry Van Ness, who had not yet been served.

8

III.

STANDARD OF REVIEW

"Appellate courts independently review the ruling on a general demurrer and make a de novo determination of whether the pleading alleges facts sufficient to state a cause of action. [Citation.] [¶] Generally, appellate courts 'give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.]' [Citation.] Also, the demurrer is treated as admitting all material facts properly pleaded, but does not admit the truth of contentions, deductions or conclusions of law. [Citation.] [¶] Ordinarily, the allegations in a pleading 'must be liberally construed, with a view to substantial justice between the parties.' (Code Civ. Proc., § 452.)" (*Davis v. Fresno Unified School Dist.* (2015) 237 Cal.App.4th 261, 274-275.)

"'It is not the ordinary function of a demurrer to test the truth of the plaintiff's allegations or the accuracy with which he describes the defendant's conduct. A demurrer tests only the legal sufficiency of the pleading. [Citation.]' [Citation.] In reviewing the ruling on a demurrer, 'the question of plaintiff's ability to prove these allegations, or the possible difficulty in making such proof does not concern the reviewing court [citations] . . . .' [Citation.] 'To survive a demurrer, the complaint need only allege facts sufficient to state a cause of action; each evidentiary fact that might eventually form part of the plaintiff's proof need not be alleged. [Citation.]' [Citation.] A complaint's allegations are construed liberally in favor of the pleader. [Citations.]" (*Ferrick v. Santa Clara University* (2014) 231 Cal.App.4th 1337, 1341.)

9

IV.

DISCUSSION

In applying our independent review, we conclude the FAC contains sufficient allegations to support Palmetto's causes of action for (1) breach of fiduciary duty, (2) negligence, (3) implied equitable indemnity, and (4) comparative contribution.

As a dual agent for the seller and Buyer, Stiles owed Palmetto a fiduciary duty and duty of care during the sale of the Property. The trial court concluded Palmetto failed to allege negligence or breach of a fiduciary duty. The trial court reasoned that there was no case law supporting the proposition that Stiles owed Palmetto a duty to correct the misstatement in the PIS, and Palmetto did not allege any facts establishing that Stiles knew there was a misstatement. The court also concluded *Ryan* was inapposite because it concerned residential property, not commercial property. We disagree with these conclusions.

Under common law, generally any person who performs professional services owes a duty of care to all persons within the area of foreseeable risk. (*Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 42-43.) The standard of care imposed on a real estate broker is higher than that applicable to a layperson. The broker is subject to a duty of skill, care, and diligence commensurate with the professional standards that the real estate industry has held out to the public and that the public reasonably can expect. (*Gardner v. Murphy* (1975) 54 Cal.App.3d 164, 168.)

10

A real estate broker's fiduciary duty to his or her client under the common law "requires the highest good faith and undivided service and loyalty." (*Field v. Century 21 Klowden-Forness Realty* (1998) 63 Cal.App.4th 18, 25; *Nguyen v. Scott* (1988) 206 Cal.App.3d 725, 739; *Ford v. Cournale* (1973) 36 Cal.App.3d 172, 180.) A real estate broker owes his or her client a fiduciary duty to act in the client's best interest, with honesty and fair dealing. (*Nguyen v. Scott*, *supra*, at pp. 733, 740.)

The FAC alleges that Stiles told Palmetto he was highly experienced in selling commercial property in the area where the Property was located. Palmetto also alleged "[t]he subject area's lack of sewer lines and dependence on septic tanks was a peculiarity of the area known to STILES but not to [Palmetto]." It could be reasonably inferred from these allegations that Stiles knew the Property did not have access to the public sewer system but Palmetto was not aware of this. The FAC alleges Stiles knew Palmetto had never occupied the Property, Palmetto lived and worked in Los Angeles, and Palmetto was "unfamiliar with peculiarities of the subject area and with the lack of sewer lines in the subject area." In addition, the FAC alleges Stiles reviewed the PIS and suggested additional facts be included in the PIS addendum, yet did not correct Palmetto's misstatement regarding sewer access, even though Stiles had the opportunity to do so before the sale of the Property became final.

A reasonable inference could be made from these factual allegations that Stiles was aware the PIS misstated that the Property had sewer access and Palmetto was unaware of the misstatement. (See *Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200, 1206-

11

1207 ["Knowledge may be shown by circumstantial evidence 'which is nothing more than one or more inferences which may be said to arise reasonably from a series of proven facts.'"].)

Stiles argues Palmetto stated in the PIS that it had "actual knowledge" of the information provided in the PIS, which included the statement the Property had sewer access. Stiles asserts he cannot be held responsible for Palmetto making an erroneous statement of "actual knowledge." We disagree. The PIS defines "actual knowledge," as the term is used in the PIS, as "the awareness of sufficient information and circumstances so as to cause one to believe that a certain situation or condition probably exists." A reasonable inference could be made from the alleged facts that Palmetto thought it had sufficient information and circumstances to conclude the Property had sewer access but was wrong. A reasonable inference could also be made that Stiles, on the other hand, knew the PIS statement was false and Palmetto was unaware of the error.

Under such circumstances, Stiles owed Palmetto a fiduciary duty to act in Palmetto's best interests by informing it of the error and correcting it in order to avoid foreseeable harm to Palmetto. The error constituted information adversely affecting the value of the Property and it was foreseeable that, if the information was not disclosed to Palmetto and the Buyer, Palmetto would be vulnerable to being sued by the Buyer upon the Buyer discovering there was no sewer access.

Stiles argues Palmetto was required to allege facts with greater specificity because Palmetto's FAC alleged constructive fraud. (*Schauer v. Mandarin Gems of California,*

*Inc.* (2005) 125 Cal.App.4th 989, 960-961 [every element of a fraud cause of action must be alleged with factual specificity, and the policy of liberal construction of pleading will not be invoked.].)  But the FAC does not include any fraud or constructive fraud claims. Therefore the FAC is not subject to a heightened pleading standard.

We thus conclude Palmetto's FAC adequately alleged that Stiles owed Palmetto a fiduciary duty to disclose that the area where the Property was located used septic tanks, and to correct the incorrect statement in the PIS that the Property has sewer access. Additional factual allegations were not necessary to allege negligence, breach of fiduciary duty, implied equitable indemnity, or comparative contribution.

Stiles also argues he did not have a duty to investigate whether the Property had sewer access.  But Palmetto's FAC does not allege Stiles had any such duty or breached it by not investigating whether there was sewer access.  Rather, Palmetto's claims are premised on allegations Stiles knew the PIS stated inaccurate information regarding sewer access and Stiles breached a duty to disclose and correct the misstatement.

Although, as the trial court noted, *Ryan* is factually distinguishable because the case involves residential real property, *Ryan* is instructive because the *Ryan* court relied on common law nondisclosure principles that apply equally to commercial and residential property.  In *Ryan*, *supra*, 32 Cal.App.5th 637, the real estate agent for the seller did not disclose to the seller or buyer that a neighbor told the agent that he intended to remodel his home, which would result in blocking the seller's ocean view, and the remodel would take two years to complete.  (*Id*. at pp. 639-640.)  After purchasing the seller's home, the

buyer successfully arbitrated claims against the seller for rescission and damages based on nondisclosure of the neighbor's remodel project. The seller then sued his broker for negligence and breach of fiduciary duty. (*Id.* at pp. 640-641.) The *Ryan* court reversed summary judgment for the broker, holding that there was evidence the seller's broker breached his duty to disclose adverse information. (*Id.* at pp. 639, 646.)

The *Ryan* court stated that under such common law, "[i]f a real estate broker has information that will adversely affect the value of a property he or she is selling, does that broker have a duty to share that information with his or her client? The clear and uncontroversial answer to that question is yes." (*Ryan*, *supra*, 32 Cal.App.5th at p. 646.) The *Ryan* court explained that under common law "'a broker's fiduciary duty to his client requires the highest good faith and undivided service and loyalty.' [Citation.] . . . [I]f Defendants [sellers' agents] had some knowledge that could impact the sales price (especially if that information would adversely affect the price), it logically follows that they, in providing a service to their clients, would have a fiduciary duty to share such information." (*Id.* at p. 646.)

The court in *Ryan* concluded that the sellers' real estate agents "possessed material information that impacted the value of the Property. They did not need to engage in any investigation to discover this information. They simply chose to remain silent, collect their commission, and allow the [sellers] to deal with the consequences. . . . [A]nyone who hired a real estate broker to sell her home, would expect that broker to share

14

information that would adversely impact the value of the home." (*Ryan*, *supra*, 32 Cal.App.5th at p. 646.)

Here, the FAC's allegations were sufficient to support a reasonable inference that Palmetto and the Buyer would expect Stiles to disclose the Property's lack of sewer access if the information was known to Stiles. Such information would adversely impact the value of the Property. (*Ryan*, *supra*, 32 Cal.App.5th at p. 646.) It was also foreseeable that failure to disclose the information would result in Palmetto sustaining damages from the nondisclosure, as alleged in the FAC from the Buyer suing Palmetto.

Giving the FAC's properly pleaded facts a liberal construction, as we must (Code Civ. Proc., § 452; *Ferrick v. Santa Clara University*, *supra*, 231 Cal.App.4th 1at p. 1341), we conclude Palmetto pleaded viable claims for breach of fiduciary duty, negligence, implied equitable indemnity, and comparative contribution. The FAC alleges facts supporting reasonable inferences that Stiles knew the Property did not have sewer access; Stiles was aware the PIS misstated there was sewer access; Palmetto was unaware of the error; Stiles had an opportunity and a duty to disclose the error and correct the PIS but failed to do so; such failure constituted negligence and a breach of Stiles's fiduciary duty owed to Palmetto; and Palmetto sustained damages as a result of Stiles's failure to correct the PIS misstatement and disclose information adversely affecting the value of the Property. The trial court thus erred in sustaining Stiles's demurrer to the FAC.

15

V.

DISPOSITION

The order sustaining Stiles's demurrer to the FAC without leave to amend and judgment of dismissal are reversed. Palmetto is awarded its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

McKINSTER
       Acting P. J.

RAPHAEL
       J.